UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CAPITOL WASTE, INC.,

       Plaintiff,

  v.

A GREENER GLOBE, aka A GREENER GLOBE CORPORATION, aka A GREENER GLOBE, INC., aka A GREENER GLOBE, DANIEL G. SHEEHAN, dba A GREENER GLOBE, JACKLYN C. SHEEHAN, dba A GREENER GLOBE; WESTERN HIGHLAND MORTGAGE FUND1, LLC; UNITED STATES DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, NORTHERN CALIFORNIA COLLECTION SERVICE, INC. et al.,

       Defendants.
_____/

NO. 2:10-cv-866 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant the United States of America's (the "United States") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. By this motion the United States seeks determinations

(1) that United States has an interest in all property and property rights of Capitol Waste ("plaintiff") by virtue of its federal tax liens against plaintiff, including any interest plaintiff may have in the property located at 901 North Harding Boulevard, Roseville, CA (the "Property"); and (2) that any proceeds due to plaintiff from a partition of the long-term lease at issue should be distributed to the United States for application to the unpaid federal tax liabilities of plaintiff. (Def.'s Mot. for Summ. J. ["Def.'s Mot."], filed Feb. 25, 2011 [Docket # 14-2], at 2.)  On March 25, 2011, plaintiff filed a statement of non-opposition to the United States' motion for summary judgment.[1]  (Docket #17.)  For the reasons set forth below,[2] the United States' motion for summary judgment is GRANTED.

## BACKGROUND[3]

Plaintiff brought this suit, inter alia, to partition the parties' interests by sale of a long-term lease on the property located at 901 North Harding Boulevard, Roseville, CA.  (Def.'s Notice of Removal ["DNR"], filed April 13, 2010 [Docket # 1-1],

---

[1] Plaintiff's certificate of service indicates that all defendants have been served. (DNR, at Ex. B.)  Similarly, the United States' certificate of service indicates that all parties have been properly served with this motion.  (See Docket 14-13; Def.'s Statement of Undisputed Facts ("UF") [Docket # 14-1], filed Feb. 25, 2011.)  However, no other defendant has filed an opposition to the motion or otherwise responded.

[2] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[3] Unless otherwise noted, the facts herein are undisputed.  (See UF.)

2

¶¶ 20, 21. 34.)

A duly authorized delegate of the Secretary of Treasury made assessments against plaintiff for federal employment tax (Form 941) liabilities for the quarters ending June 30, 2001, September 30, 2001, December 31, 2001, June 30, 2002, September 30, 2002, December 31, 2002, March 31, 2003, June 30, 2003, September 30, 2003, December 31, 2003, March 31, 2004, June 20, 2004, September 30, 2004, December 31, 2004, March 31, 2005, June 30, 2005, September 30, 2005, December 31, 2005, March 31, 2005, June 30, 2006, September 30, 2006, December 31, 2006, March 31, 2007, June 30, 2007, and September 30, 2007. (UF ¶¶ 1-6.)  The Internal Revenue Service ("IRS") gave plaintiff proper notice and demand for payment of these liabilities.  (Id.)

A duly authorized delegate of the Secretary of Treasury also made assessments against plaintiff for federal unemployment tax (Form 940) liabilities for tax years 2000, 2001, 2002, 2003, 2004, 2005, and 2006.  (Id. ¶¶ 7-10.)  The IRS gave plaintiff proper notice and demand for payment of these liabilities.  (Id.)

On May 2, 2007, the IRS properly filed a Notice of Federal Tax Lien against plaintiff with respect to its unpaid federal employment tax liabilities for quarters ending September 30, 2004, and December 31, 2004, with the Placer County Recorder. (Id. ¶ 11.)  On December 23, 2008, the IRS properly filed a Notice of Federal Tax Lien against plaintiff with respect to its unpaid federal employment tax liabilities for quarters ending December 31, 2000 through June 30, 2004 and September 30, 2004 through September 30, 2007, with the Placer County Recorder. (Id. ¶¶ 12, 13.)  The IRS also filed a Notice of Federal Tax Lien

3

against plaintiff with respect to its unpaid federal unemployment tax liabilities for the tax years ending December 31, 2000 through December 31, 2006. (Id. ¶¶ 13, 14.)

Plaintiff has not fully paid its federal employment tax liabilities for the quarters ending June 30, 2001, through September 2007 or its federal unemployment tax liabilities for the tax years ending December 31, 2000 through December 31, 2006. (Id. ¶¶ 15, 16.) The United States has an interest in all property and property rights of plaintiff by virtue of its federal tax liens against plaintiff. (Id. ¶ 17.)

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence must be viewed in the light most favorable to the nonmoving party. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party fails to meet this burden, "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000). However, if the nonmoving party has the burden of proof at trial, the moving party only needs to show "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325.

**ANALYSIS**

Under 26 U.S.C. § 6321, the United States obtains a lien "upon all property and rights to property, whether real or personal, belonging to" any taxpayer who neglects or refuses to pay taxes after notice and demand. 26 U.S.C. § 6321. The lien arises as of the date of assessment and continues until the tax liability is extinguished. 26 U.S.C. § 6322. The United States has submitted Account Transcripts showing assessments made against Capitol Waste and the dates these assessments were made. (Boroughs Decl., filed Feb. 25, 2011 [Docket #14-3], Ex. B-G.) These transcripts show that notice and demand of payment was properly given to plaintiff. (See id.) Plaintiff admits that it has not paid these federal tax liabilities. (UF ¶¶ 15, 16.) As such, these federal tax liens continue to the present. See 26 U.S.C. § 6322.

Absent a specific provision to the contrary, "priority for the purposes of federal law is governed by the common-law principle that 'first in time is the first in right.'" United States v. McDermott, 507 U.S. 447, 449 (1993) (quoting United States v. New Britain, 347 U.S. 81, 85 (1954)) (interpreting 26, U.S.C. § 6323). To be first in time, a creditor lien must be "perfected" or "choate," meaning that the "'the identity of the lienor, the property subject of the lien and the amount of the lien are established.'" Id. at 449-50 (quoting New Britain, 347 U.S. at 84). In the present case, the IRS filed Notices of Federal Tax Lien against plaintiff with the Placer County Recorder to perfect these federal tax liens. (UF ¶¶ 11-14.) The filing of a Notice of Federal Tax Lien "renders the federal tax

5

1 lien extant for 'first in time' priority purposes . . . ."  Id.
2 at 453.  Despite being having been properly noticed of this
3 motion, none of plaintiff's other creditors have responded or
4 otherwise submitted evidence disputing the seniority status of
5 United States' federal tax lien.  (UF ¶ 18.)  As such, any
6 proceeds due to plaintiff from a partition of the long-term lease
7 at issue should be distributed to the United States.

**CONCLUSION**

For the foregoing reasons, the United States' motion for summary judgment is GRANTED.  The United States has an interest in all property and property rights of plaintiff by virtue of its federal tax liens against plaintiff, and any proceeds due to plaintiff from a partition of the long-term lease at issue should be distributed to the United States for application to plaintiff's unpaid federal tax liabilities.

IT IS SO ORDERED.

DATED: April 14, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE